PER CURIAM:
| Writ granted. The trial court erred in denying the motion to suppress. Defendant’s pharmacy and prescription history was obtained from the Louisiana Prescription Monitoring Program without *277 a warrant, in contravention of this Court’s pronouncement in State v. Skinner, 08-2522, p. 10, 10 So.3d 1212, 1218 (La. 2009) (“[W]e find the Fourth Amendment and La. Const. Art. I, § 5 require a search warrant before a search of prescription and medical records for criminal investigative purposes is permitted!)]”). That the investigator who obtained the Prescription Monitoring Program report complied with the administrative procedure set out in R.S. 40:1007 did not excuse his warrantless search because “the procedural requirements of [the statute] simply and clearly do not suffice to comply with the constitutional requirements of probable cause supported by a sworn affidavit for the issuance of a search warrant.” Id., p. 11, 10 So.3d at 1218.
The subsequently obtained pharmacy records must also be suppressed. When unlawfully obtained evidence, such as the Prescription Monitoring Program report here, has been utilized to establish probable cause to secure a search warrant, the tainted evidence can render the evidence obtained by the execution of that warrant inadmissible. State v. Scull, 639 So.2d 1239, 1244-45 (La. 1994); State v. Joseph, 351 So.2d 1162, 1168 (La. 1977). A review of the search warrant affidavits in this matter reveals that the information used to establish probable cause to search defendant’s pharmacy records originated from the ill-gotten Prescription Monitoring Program report, not from the pharmacy employee’s tip. The tip, when viewed in isolation, was insufficient to establish probable cause for the issuance of the search warrants to the five pharmacies.[1]
Considering the totality of the circumstances, including the illegality of the Prescription Monitoring Program report’s provenance, defendant’s pharmacy records were obtained “by exploitation of the illegality,” and not by “means sufficiently distinguishable to be purged of the primary taint.” See State v. Jenkins, 340 So.2d 157, 174 (La. 1976). Accordingly, the trial court’s ruling denying the motion to suppress is reversed, and the case is remanded to the trial court for further proceedings consistent with this ruling.
CLARK, J., dissents and would deny the writ application.
CRICHTON, J., would deny.

. Although, as the court of appeal reasoned, it is conceivable that an exception to the warrant requirement could apply in cases involving pharmacy records, the burden was on the state to prove that an exception applied to the initial warrantless search. See La.C.Cr.P, Art. 703(D). The state failed to present any such evidence at the suppression hearing and a reopened evidentiary hearing is unwarranted.